**PING LI, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 06–4479–ag.

United States Court of Appeals, Second Circuit.

May 23, 2007.

Gang Zhou, New York, NY, for Petitioner.

David Kustoff, United States Attorney; Jimmy L. Croom, Assistant United States Attorney, Jackson, TN, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ping Li, a citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the March 30, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ping Li,* No. A78 867 811 (B.I.A. Aug. 31, 2006) *aff'g* No. A78 867 811 (Immig. Ct. N.Y. City March 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006).

As an initial matter, because Li does not argue that she is entitled to CAT relief, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005). Moreover, although the IJ's decision was erroneous in certain respects, his denial of asylum and withholding of removal was supported by substantial evidence.

The IJ found that Li did not establish a nexus between the harm she fears and one of the protected grounds conferring refugee status because her fears stemmed from a local prosecutor's attempt to blackmail her into dropping charges, rather than from imputed status as a Falun Gong

practitioner. This finding is unreasonable because there is no evidence that the police who came to Li's house knew of the prosecutor's motives; rather, the record indicates that they went to Li's house to question her regarding her alleged Falun Gong practice. *See Yueqing Zhang,* 426 F.3d at 545–47.

Nevertheless, remand on this basis would be futile because the IJ reasonably found that Li does not have a well-founded fear of future persecution based upon any imputed status as a Falun Gong supporter. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005); *see also Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir. 2006). As the IJ observed, Li produced no evidence that the government is currently attempting to prosecute her. Indeed, there is no evidence that an arrest warrant was issued or that the police have attempted to locate Li since their only visit to her house in 2002. *Cf. Chun Gao v. Gonzales,* 424 F.3d 122, 131 (2d Cir.2005) (granting petition where there was "substantial evidence that the police were looking for" petitioner).

In addition, the IJ was reasonable in questioning why Li did not attempt to report the prosecutor's blackmail, especially in light of the country conditions evidence indicating that official corruption in China had been dealt with severely by the government. As such, the IJ's denial of asylum was supported by substantial evidence.

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, she necessarily was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.